IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARIS DOHERTY** | : | |
| **1062 E. Lancaster Avenue** | : | **CIVIL ACTION** |
| **Bryn Mawr, Pennsylvania 19010** | : | |
| | : | |
| Plaintiff, | : | NO.   2:26-cv-353 |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **ICON CLINICAL RESEARCH, LLC** | : | **COMPLAINT** |
| **731 Arbor Way, Suite 100** | : | |
| **Blue Bell, Pennsylvania 19244** | : | |
| | : | |
| and | : | |
| | : | |
| **MERCK & CO., INC.** | : | |
| **770 Sumneytown Pike** | : | |
| **West Point, Pennsylvania 19486** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PARTIES

1.     Plaintiff Paris Doherty ("Ms. Doherty" or "Plaintiff") is an adult female who resides at 1062 E. Lancaster Avenue, Bryn Mawr, Pennsylvania 19010. Ms. Doherty was continuously employed by Defendant Icon Clinical Research, LLC ("Icon") as a Clinical Supply Specialist, contracted to work under the control and direction of Defendant Merck & Co., Inc. ("Merck") at its facility in West Point, Pennsylvania, beginning in May of 2024 until her unlawful termination on April 11, 2025.

2.     Defendant Icon holds itself out as "the world's leading clinical research organization," servicing its clients across industry sectors by outsourcing its professionals to a single client and embedding them in their clients' working environment, systems and processes. Icon is a Limited Liability Company located within the Eastern District of Pennsylvania at 731

1

Arbor Way, Suite 100, Blue Bell, Pennsylvania 19244.  Icon is an employer as defined by Title VII and the Pennsylvania Human Relations Act.

3. At all relevant times hereto, Icon acted by and through its duly authorized actual and/or apparent agents and employees, including but not limited to Adnan Mukbel, Melissa Bush, Adrian Payne, Gabrielle Waring and the other Icon employees, acting within the course and scope of their actual and/or apparent agency and employment.

4. Defendant Merck is a global pharmaceutical company located within the Eastern District of Pennsylvania at 770 Sumneytown Pike, West Point, Pennsylvania 19486.  Merck is an employer as defined by Title VII and the Pennsylvania Human Relations Act.

5. During Ms. Doherty's employment, Merck asserted significant control over Ms. Doherty's work responsibilities and obligations.  Ms. Doherty was supervised primarily by Merck employees, including Dorothy Bieter and Jasmin Hellwig, who provided all of her work assignments and direction on a day-to-day basis.  Merck dictated Ms. Doherty's work hours and required Ms. Doherty to report to Merck's office two days per week and attend team meetings with Merck employees every Tuesday.  Ms. Doherty worked exclusively on Merck projects and was in constant daily contact and communication with Merck co-employees and supervisors.  The majority of her work-related communications were through her Merck-issued email address: paris.alexa.doherty@merck.com.  Ms. Doherty's performance review was based entirely on feedback provided by her supervisors at Merck.

6. At all relevant times hereto, Merck acted by and through its duly authorized actual and/or apparent agents and employees, including but not limited to Dorothy Bieter and Jasmin Hellwig and the other Icon employees, acting within the course and scope of their actual and/or apparent agency and employment.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims for relief under 28 U.S.C. §§1331 and 1343 since those claims are based in part on violations of and arise under the laws of the United States, including Title VII.

8. Jurisdiction is also invoked pursuant to 28 U.S.C. §1367, granting this Court supplemental or pendent jurisdiction over the state law claims asserted under the common law and statutes of the Commonwealth of Pennsylvania, including the Pennsylvania Human Relations Act, 43 P.S. Sections 951 *et seq.*, because the state claims and federal claims are so interrelated that they are the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 since Plaintiff resides in the Eastern District of Pennsylvania, Defendants reside in the Eastern District of Pennsylvania and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FULFILLMENT OF TITLE VII CONDITIONS

10. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Charges were filed with the Equal Employment Opportunity Commission ("EEOC") and simultaneously dual-filed with the Pennsylvania Human Relations Commission. "Right to Sue" letters were issued by the EEOC to Ms. Doherty on November 25, 2025. Plaintiff is filing suit within ninety (90) days of receipt of the "Right to Sue" letter.

**FACTS PERTAINING TO PLAINTIFF'S LEGAL CLAIMS**

11. In late June of 2024, Ms. Doherty's co-worker, Adnan Mukbel, sent Ms. Doherty certain harassing and threatening text messages that were violent and sexual in nature and threatened her with rape, told her to "die" and criticized her physical appearance.

12. These text messages made Ms. Doherty extremely uncomfortable and threatened and she reported about them to Defendant Icon's HR department, including HR Manager Melissa Bush, in early July of 2024.

13. In response to her reports, Defendant Icon asserted that it "investigated" and that "appropriate actions have been taken." However, Defendant Icon was dismissive of her reports and made light of Mr. Mukbel's obviously violent and threatening statements.

14. Defendant Icon failed to take any remedial action in response to Ms. Doherty's concerns for her safety and continuing discomfort in the workplace, and continued to force Ms. Doherty to work alongside Mr. Mukbel despite her protests.

15. In response to her reports, Ms. Doherty was directed by Defendant Icon to not discuss the text messages or her allegations pertaining to Mr. Mukbel with anyone, including Defendant Merck, although it has been discussed among others at work and false information about Ms. Doherty has been spread in retaliation for her reporting about Mr. Mukbel's harassment to Defendant Icon's HR.

16. Incredibly, in response to her reports, Defendant Icon reprimanded Ms. Doherty for text messaging with her co-worker.

17. In the ensuing months after her reports of harassment, the environment at work became extremely hostile and uncomfortable as Defendant Icon had enabled Mr. Mukbel, who continued to work alongside Ms. Doherty despite her repeated protests.

18. On September 9, 2024, Ms. Doherty filed her first Charge of Discrimination against Defendant Icon. In response to her Charge, Defendant Icon, while acknowledging her reports and Mr. Mukbel's text messages, retaliated against Ms. Doherty, refused to address her concerns and take any remedial action with respect to the ongoing and continuing discomfort and hostility that Ms. Doherty was experiencing at work by being forced to work alongside Mr. Mukbel.

19. Defendant Icon refused to separate Mr. Mukbel from Ms. Doherty, who continued to have to endure the discomfort of working with him and sitting with him in meetings. While Defendant Icon instructed Ms. Doherty to schedule her workdays around when Mr. Mukbel is scheduled to be on site, Mr. Mukbel repeatedly changed his schedule to attend on Wednesdays and Thursdays when Ms. Doherty was scheduled to be on site.

20. Defendant Icon was undermining and dismissive of Ms. Doherty while acting deferential to, supporting and favoring Mr. Mukbel.

21. On the morning of April 7, 2025, Ms. Doherty sought the help of her managers at Defendant Merck, specifically Dorothy Bieter and Jasmin Hellwig, by reporting to them about Mr. Mukbel's discriminatory and harassing text messages.

22. Later in the afternoon on April 7, 2025, Ms. Doherty's direct manager at Defendant Icon, Adrian Payne, advised her that Defendant Icon was contacted by Defendant Merck's "leadership" and they requested that Ms. Doherty work remotely for the remainder of the week. Ms. Doherty complied with Mr. Payne's direction.

23. Only days later, on April 10, 2025, Mr. Payne advised Ms. Doherty that, at Defendant Merck's direction, she would no longer be working with Merck effective immediately.

5

24. Merck employees Karen Phan and Valerie Hubis told Ms. Doherty that the decision was made by Defendant Icon, not Defendant Merck. Ms. Hellwig informed Ms. Doherty that she was not informed of the decision until after it had been made.

25. On April 11, 2025, Mr. Payne and Icon HR Manager Gabrielle Waring advised Ms. Doherty that her employment with Defendant Icon was being terminated effective immediately due to a "breach of confidentiality." The "breach of confidentiality" referred to her legally-protected reports to Defendant Merck of Mr. Mukbel's discriminatory and harassing text messages.

26. Defendants' discriminatory and retaliatory conduct towards Ms. Doherty, culminating in her unlawful termination, gives rise to multiple legal causes of action for sexual harassment and discrimination, retaliation for reporting about such harassment and discrimination, and maintenance of a hostile work environment, pursuant to federal and state civil rights laws, including Title VII and the Pennsylvania Human Relations Act (PHRA), as set forth in the counts below.

## COUNT I

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*
SEX DISCRIMINATION, HARASSMENT, MAINTENANCE OF A HOSTILE WORK ENVIRONMENT and RETALIATION
Paris Doherty v. Icon Clinical Research, LLC**

27. Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

28. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

29. Discrimination on the basis of sex that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as sex discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her sex; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and severe; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the totality of circumstances described in the facts set forth hereinbefore, the foregoing five elements are established.

30. Defendant retaliated against Plaintiff as a result of her complaints of discriminatory treatment, harassment and a hostile work environment.

31. Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

32. Defendant is liable for the acts of management and Plaintiff's co-workers, because Defendant knew of the existence of discrimination, harassment and a hostile work environment, but allowed the illegal acts and practices to continue and took no corrective action.

33. Defendant is liable for the acts alleged herein because of its culture of facilitating and enabling a hostile work environment, sexual discrimination, harassment and retaliation.

34. Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex and retaliated against her for standing up for herself, in deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

35. Defendant unlawfully retaliated against Plaintiff as a result of her standing up for herself by reporting about Defendant's unlawful conduct.

36. The described unlawful employment practices by Defendant were intentional, deliberate, and willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

37. By reason of Defendant's discrimination, harassment, maintenance of a hostile work environment and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Icon and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### SEX DISCRIMINATION IN EMPLOYMENT, HARASSMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION
### Paris Doherty v. Icon Clinical Research, LLC

38. Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

39. This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

40. Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

41. The PHRA prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about discrimination or harassment. 43 P.S. §955(d).

42. Plaintiff's reporting of sexual harassment is a "protected activity" under the PHRA.

43. Defendant retaliated against Plaintiff for engaging in a protected activity by terminating her under false pretenses.

44. The effect of the aforementioned conduct, including harassment, maintenance of a hostile work environment, retaliation and discrimination, culminating in her unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her sex and because of her reporting about sexual harassment and discrimination.

45. Defendant acted intentionally and willfully.

46. By reason of Defendant's harassment, maintenance of a hostile work environment, retaliation and discrimination, culminating in her unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Icon and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT III

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*
SEX DISCRIMINATION, HARASSMENT, MAINTENANCE OF A HOSTILE WORK ENVIRONMENT and RETALIATION**

**Paris Doherty v. Merck & Co., Inc.**

47. Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

48. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq*. as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

49. Discrimination on the basis of sex that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as sex discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her sex; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and severe; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the totality of circumstances described in the facts set forth hereinbefore, the foregoing five elements are established.

50. Defendant retaliated against Plaintiff as a result of her complaints of discriminatory treatment, harassment and a hostile work environment.

51. Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

52. Defendant is liable for the acts of management and Plaintiff's co-workers, because Defendant knew of the existence of discrimination, harassment and a hostile work environment, but allowed the illegal acts and practices to continue and took no corrective action.

53. Defendant is liable for the acts alleged herein because of its culture of facilitating and enabling a hostile work environment, sexual discrimination, harassment and retaliation.

54. Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex and retaliated against her for standing up for herself, in deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

55. Defendant unlawfully retaliated against Plaintiff as a result of her standing up for herself by reporting about Defendant's unlawful conduct.

56. The described unlawful employment practices by Defendant were intentional, deliberate, and willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

57. By reason of Defendant's discrimination, harassment, maintenance of a hostile work environment and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Merck and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

### COUNT IV

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**SEX DISCRIMINATION IN EMPLOYMENT, HARASSMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION**
**Paris Doherty v. Merck & Co., Inc.**

58. Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

59. This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex.

60. Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her sex and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

61. The PHRA prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about discrimination or harassment. 43 P.S. §955(d).

62. Plaintiff's reporting of sexual harassment is a "protected activity" under the PHRA.

63. Defendant retaliated against Plaintiff for engaging in a protected activity by terminating her under false pretenses.

64. The effect of the aforementioned conduct, including harassment, maintenance of a hostile work environment, retaliation and discrimination, culminating in her unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her sex and because of her reporting about sexual harassment and discrimination.

65. Defendant acted intentionally and willfully.

66. By reason of Defendant's harassment, maintenance of a hostile work environment, retaliation and discrimination, culminating in her unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant Merck and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Paris Doherty v. All Defendants

67. Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

68. Defendant acted recklessly or intentionally by discriminating against Plaintiff and terminating her.

69. Defendant's conduct exhibited toward Plaintiff was extreme and outrageous.

70. As a direct and proximate result of the extreme and outrageous conduct of Defendant as set forth above, Plaintiff has suffered severe emotional distress and has required medical treatment in connection with her severe emotional distress.

71. As a direct and proximate result of the extreme and outrageous conduct of Defendants as set forth above, Plaintiff has experienced severe emotional distress..

72. The extreme and outrageous conduct of Defendant, as set forth above, which was committed with a reckless indifference to the rights of Plaintiff, warrant the imposition of punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants and requests an award of damages including, but not limited to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other relief as this court deems appropriate.

**JURY DEMAND**

The Plaintiff demands trial by jury of all issues triable of right to a jury.

**CERTIFICATION**

I hereby certify that the Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

                                              Respectfully Submitted,

                                              **THE PEARLMAN LAW FIRM, PLLC**

                                              By:_____
                                              Jason L. Pearlman, Esquire (Pa ID #93879)
                                              Two Bala Plaza, Suite 300
                                              Bala Cynwyd, PA 19004
                                              610-660-7793
                                              jpearlman@pearlmanlawfirm.com

DATED:  January 20, 2026                    *Attorney for Plaintiff Paris Doherty*

**VERIFICATION**

      I, Paris Doherty, do hereby certify that I am the Plaintiff in the within action, and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I do further understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

                                                                              _____
                                                                             PARIS DOHERTY

Dated: 1/18/2025